FILED

2014 Sep-29  AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **NATHANIEL M. MAYO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:13-cv-0553-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Nathaniel M. Mayo ("Mayo") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Mayo, whose past relevant experience includes work as an employee relationship specialist and customer service representative, filed an application for Title II disability insurance benefits on January 22, 2010, alleging a disability onset date of November 6, 2009, due to shoulder pain, low back pain, and diabetes  (R. 10, 21, 173).  After the

SSA denied Mayo's claim, he requested a hearing before an ALJ.  (R. 114-15).  The

ALJ subsequently denied Mayo's claim, (R. 7-21), which became the final decision of

the Commissioner when the Appeals Council refused to grant review.  (R. 1-4).  Mayo

then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C.

§ 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial

evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*,

672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal

standards.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*,

792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the

Commissioner's "factual findings are conclusive if supported by 'substantial

evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district

court may not reconsider the facts, reevaluate the evidence, or substitute its judgment

for that of the Commissioner; instead, it must review the final decision as a whole and

determine if the decision is "reasonable and supported by substantial evidence."  *See id*.

(citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial

evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is

such relevant evidence as a reasonable person would accept as adequate to support a

conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other

citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. §§  404.1520(a)-(g), 416.920(a)-(g).  Specifically, the Commissioner must determine in sequence:

> (1)    whether the claimant is currently unemployed;
>
> (2)    whether the claimant has a severe impairment;
>
> (3)    whether the impairment meets or equals one listed by the Secretary;

3

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, he must meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id.*  However, medical evidence of pain itself, or of its intensity, is not required:

---

[1]  This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

4

> While both the regulations and the *Hand* standard require objective
> medical evidence of a condition that could reasonably be expected to
> cause the pain alleged, *neither requires objective proof of the pain itself*.
> Thus under both the regulations and the first (objectively identifiable
> condition) and third (reasonably expected to cause pain alleged) parts of
> the *Hand* standard *a claimant who can show that his condition could
> reasonably be expected to give rise to the pain he alleges has established
> a claim of disability and is not required to produce additional, objective
> proof of the pain itself.  See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v.
> Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information
omitted) (emphasis added).  Moreover, "[a] claimant's subjective testimony supported
by medical evidence that satisfies the pain standard is itself sufficient to support a
finding of disability."  *Holt*, 921 F.2d at 1223.  Therefore, if a claimant testifies to
disabling pain and satisfies the three part pain standard, the ALJ must find a disability
unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ
must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons
> for refusing to credit a claimant's subjective pain testimony, then the
> [ALJ], as a matter of law, has accepted that testimony as true.  Implicit in
> this rule is the requirement that such articulation of reasons by the [ALJ]
> be supported by substantial evidence.

*Hale*, 831 F.2d at 1012.  Therefore, if the ALJ either fails to articulate reasons for
refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not
supported by substantial evidence, the court must accept as true the pain testimony of
the plaintiff and render a finding of disability.  *Id.*

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Mayo had not engaged in substantial gainful activity since November 6, 2009, and, therefore, met Step One. (R. 13).  Next, the ALJ found that Mayo satisfied Step Two because he suffered from the severe impairments of "degenerative disk disease of the lumbar spine and; left shoulder impingement syndrome."  *Id*.  The ALJ then proceeded to the next step and found that Mayo failed to satisfy Step Three because he "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  (R. 15).  Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Mayo has the residual functional capacity (RFC) to perform

> sedentary work as defined in 20 CFR 404.1567(a) except he is restricted to occasional bending and stooping; no left lower extremity pushing/pulling movements; no bilateral overhead reaching; no unprotected heights; and working in a temperature controlled environment.

(R. 17).  In light of his RFC, the ALJ held that Mayo "is capable of performing past relevant work as an employee relationship specialist (sedentary, skilled work) and customer service representative (sedentary, skilled work)."  (R. 21).  Therefore, the ALJ found that Mayo "has not been under a disability, as defined in the Social Security Act, from November 6, 2009, through the date of this decision."  *Id.*

## V.  Analysis

Mayo's sole contention on appeal is that the ALJ failed to properly evaluate his credibility consistent with the Eleventh Circuit's pain standard.  *See* doc. 9 at 3. Relevant to this contention, the court notes that Mayo testified that he stopped working in November 2009 because of issues related to his back surgery, and that although his pain medication helps to the point where he can rest, his pain averages between seven and eight on a ten-point scale, which requires him to rest in a reclined position for about 50 percent of the day.  (R. 33, 36-38).  Because the ALJ found Mayo's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," (R. 19), Mayo met the requirements of the pain standard.  At issue here is the ALJ's finding that Mayo's allegations were not fully credible:

> Although [Mayo] testified he experienced disabling limitations due to physical impairments, the totality of evidentiary record does not support those allegations.  While the clinical findings of the medical record reflect [Mayo] experiences some limitations due to his physical impairments, the preponderance of the evidence does not support a conclusion that [Mayo's] limitations are as severe as alleged, or that his impairments are disabling to the extent he is unable to perform all substantial gainful activity.

*Id.*  In light of his appeal, this court must review the ALJ's finding to determine if it is supported by substantial evidence.  For the reasons stated fully below, the court finds that the ALJ reasonably rejected Mayo's pain testimony and articulated in detail his reasons for doing so.

First, the ALJ properly assessed Mayo's credibility by noting that an examination

after Mayo's back surgery revealed that,

> although [Mayo's] gait was slow and mildly antalgic, his posture was
> normal.  There were no abnormal spinal curvatures.  Sensory function,
> reflexes, and muscle strength were normal in the lower extremities.  The
> range of motion for the thoracolumbar spine was 90 degrees forward
> flexion, 20 degrees extension, 20 degrees left lateral flexion, 20 degrees
> left lateral rotation, 20 degrees right lateral flexion, and 20 degrees right
> lateral rotation.  Combined range of motion was 190 degrees.  While there
> was objective evidence of pain on active range of motion and pain
> following repetitive motion, there were no additional limitations after
> three repetitions of range of motion.

(R. 19).  Moreover, the ALJ found the absence "in the treatment records of some

ongoing restrictions placed on [Mayo] by a treating doctor" weighed against finding

Mayo's allegations of pain to be fully credible.  (R. 19-20).  The court finds no error

because it is proper for the ALJ to rely on the absence of restrictions in evaluating

Mayo's credibility.  *See Powell v. Comm'r of Soc. Sec.*, ___ F. App'x___ , 2014 WL

3377650 at *2 (11th Cir. 2014) (ALJ properly relied on lack of objective findings and

absence of  restrictions imposed by physicians in assessing credibility).

Second, the ALJ found Mayo's testimony was less credible because of his

reported activities of daily:

> [Mayo] reported in his Adult Function Report at Exhibit 3E that he was
> able to care for his young daughter, prepare meals three to four times per
> week, clean around the house to include laundry and ironing, perform
> simple household chores and repairs, go to any needed appointments such
> as physical therapy, and shop for groceries three times per week.  He
> stated he was able to pay bills, count change, handle a savings account
> and use a checkbook or money orders.  He was able to use a computer and

watch television.  [Mayo] testified he drove regularly and that he drove to
the hearing.

(R. 20).  This finding is also not in error because the ALJ properly considered Mayo's

daily activities, and did not unduly rely on those activities to deny Mayo benefits.  *See*

*Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984) (finding the ALJ properly

considered daily activities in assessing credibility).

Finally, the ALJ assigned persuasive weight to the opinions of Mayo's treating

physicians, and noted

> that none of the treatment records of [Mayo's] treating physicians
> indicated that [Mayo] experienced pain or other subjective
> symptomatology to such a degree as to render him totally disabled, and
> there are no treatment notes that placed such significant exertional,
> postural, or environmental restrictions on him that would preclude all
> forms of substantial gainful activity.

(R. 20).  As the ALJ correctly observed, treatment records following Mayo's back

surgery show that  "x-rays revealed satisfactory postoperative alignment" at the surgical

site, and that Dr. Martin Jones, who performed the surgery on Mayo's back, reported

Mayo was doing okay when he saw Mayo on November 19, 2009.  (R. 14, 534).

Moreover, Dr. Jones opined on December 1, 2009, that Mayo "has done fairly well

since the surgery," and that he was expected to improve over the next month or so.  (R.

451).  At this time, Dr. Jones stated that Mayo "has restrictions of no lifting, pushing or

pulling over 10 lbs., no repetitive bending or stooping, no climbing, no crawling, and

no repetitive twisting."  *Id.*  These restrictions are consistent with the ALJ's RFC

finding for sedentary work, *see* 20 C.F.R. § 404.1567(a), and provide substantial evidence to support the ALJ's credibility finding.  Indeed, contrary to Mayo's assertion that Mayo's longitudinal treatment history supports his allegations of disabling pain, Mayo's failure to return to his treating surgeon belies his allegations of continuous disabling pain following his back surgery.

Ultimately, based on this record, Mayo has failed to show that the ALJ erred in failing to credit his testimony of disabling pain.  In fact, the ALJ articulated specific reasons for discounting Mayo's testimony of disabling symptoms – all of which are supported by substantial evidence.  Moreover, even though the ALJ did not credit Mayo's testimony of disabling symptoms, he recognized that Mayo had some limitations as reflected in his RFC for a reduced range of sedentary work.  (R. 17).  Therefore, based on this record, the court finds that substantial evidence supports the ALJ's determination that these restrictions account for Mayo's symptoms.  Accordingly, because this court does not reweigh the evidence, there is no reversible error in the ALJ's credibility finding.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Mayo is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  Therefore, the Commissioner's

final decision is **AFFIRMED**.  A separate order in accordance with the memorandum

of decision will be entered.

     **DONE** this 29th Day of September, 2014.


**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE